# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANNEE CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-803-D |
| | ) |
| SKILLED TRADE SERVICES, INC., | ) |
| and HOWARD CHASE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Howard Chase ("Chase") moves to dismiss Plaintiff Annee Cunningham's ("Cunningham") Petition for failure to state a claim upon which relief can be granted [Doc. No. 12-1]. Cunningham has filed her response in opposition [Doc. No. 12-2], to which Chase has replied [Doc. No. 13]. The matter has been fully briefed and is at issue.[1]

---

[1] Cunningham originally filed her Petition in Oklahoma County District Court on February 23, 2015. Defendant Skilled Trade Services, Inc. ("STS") removed on July 23, 2015, on the basis it only became aware of the suit on June 30, 2015 during communications between its counsel and Cunningham's attorney. *See* Notice of Removal, ¶ 1 [Doc. No. 1]. Cunningham has not objected to removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Accordingly, the Court addresses the underlying merits of the instant motion.

## BACKGROUND

This case arises from Cunningham's employment as an administrative assistant with STS, where she alleges she was subjected to a hostile work environment due to sexual harassment by Chase, who was her direct supervisor. Cunningham's Petition alleges Chase sexually harassed her in the following ways:

1. Chase made sexually and vulgar comments, such as "I have not had sex with my wife in the past two years" and "you look gorgeous, you tight little thing"; and

2. On or about April 23, 2014, Chase called Cunningham into his office, "where he touched her without her consent and . . . assaulted her by grabbing her breasts and pulling down her pants in an attempt to have forcible and unwanted sexual contact with her and to put her in apprehension of such unwanted sexual contact."

Petition at ¶¶ 9-10. Cunningham further alleges that she reported Chase's actions to STS's human resources office, which took no corrective action, but instead retaliated against her by firing her. *See id*. at ¶¶ 12-14. Cunningham contends that as a result of Chase's actions, she experienced fright and terror and has suffered damages in the form of lost earnings, embarrassment, anguish, worry, humiliation, and "like emotions." *Id*. ¶ 16. Cunningham states her claims arise under "the Fourteenth Amendment of the United States Constitution, Title VII and Oklahoma Public

Policy." *Id.* ¶ 4.[2]

Chase initially moved to dismiss on the grounds that Cunningham's sexual discrimination charges under Title VII and the OADA could only be brought against STS as her employer. Cunningham, in response, contended her claims were not limited only to sex discrimination, but she had also pled a common law tort claim against Chase for assault. She claims she has sufficiently pled the *prima facie* elements of her claims and has provided Chase with sufficient notice to enable him to put forth a defense. Cunningham requests that this Court deny Chase's motion or, alternatively, to allow her leave to amend. Chase's reply states that Cunningham's common law tort claims are specifically abolished by the OADA, which operates as the state's exclusive remedy for individuals alleging sex discrimination in the workplace.

**STANDARD OF DECISION**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127

---

[2]Oklahoma's Anti–Discrimination Act ("OADA"), codified at 25 OKLA. STAT. §§ 1101 *et seq.*, statutorily declares a public policy against sexual discrimination in employment and makes such discrimination a legal wrong.

S.Ct. 1955, 167 L.Ed.2d 929 (2007)).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The court of appeals has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *See id.* (quoting *Robbins*, 519 F.3d at 1248). "Thus, [it has] concluded the *Twombly/Iqbal*

---

[3]Although Cunningham's action was originally brought in state court, Rule 12(b)(6) and the Supreme Court's standards in *Twombly* and *Iqbal* govern the sufficiency of her Petition. *See McKnight v. Linn Operating, Inc.*, No. CIV–10–30–R, 2010 WL 9039794, at *1 (W.D. Okla. Apr. 1, 2010) ("Rule 81(c)(1) of the Federal Rules of Civil Procedure provides that '[t]hese rules apply to a civil action after it is removed from a state court.' . . . Because the Federal Rules apply after removal, Rule 12(b)(6) and the attendant standards set by the Supreme Court apply. If, however, the Court concludes that Plaintiffs' allegations fail under the *Twombly* and *Iqbal* standard, it may order Plaintiffs to replead their claims if necessary.").

standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id.* (quoting *Robbins*, 519 F.3d at 1247). Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 129 S.Ct. at 1950). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955); *see also al–Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.").

Lastly, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

Where dismissal is granted for failure to state a claim, the Court should grant

leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla*., 712 F.2d 444, 446 (10th Cir.1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.spire Commc'ns., Inc. v. N.M. Pub. Regulation Comm'n*., 392 F.3d 1204, 1211 (10th Cir. 2004) (internal quotation marks omitted).

## DISCUSSION

### I. Sexual Harassment / Hostile Work Environment Under Title VII And The OADA

Although not separately stated in enumerated counts, Cunningham's Petition purports to assert a cause of action against Chase under Title VII and the OADA. *See* Pl. Resp. to Motion to Dismiss at 4 ("Plaintiff has properly pled her cause of action against Defendants, Chase and STS for discrimination under Title VII and the OADA.") [Doc. No. 12-2].[4] Title VII makes it unlawful "to discharge any individual,

---

[4]Cunningham is reminded that Rule 8 requires *each allegation* in a complaint to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Court agrees that neither it nor defense counsel should be required to decipher the Petition to ascertain every conceivable cause of action Cunningham may have available to her. Doing so

6

or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Likewise, the OADA makes it a discriminatory practice for an employer "[t]o fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, genetic information or disability[.]" 25 OKLA. STAT. § 1302(A)(1).

This Court has previous noted that claims under the OADA are evaluated using the same standards as claims under Title VII, and a claim that fails under Title VII will also fail under the OADA. *See Hamilton v. Okla. City Univ.*, 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012)(citing *McCully v. American Airlines, Inc.*, 695 F. Supp. 2d 1225, 1246 (N.D. Okla. 2010) (further citations omitted)); *see also Barzellone v. City of Tulsa*, 210 F.3d 389, 2000 WL 339213 at *5 (10th Cir. Mar. 31, 2000) (unpublished); *Myers v. Knight Protective Service, Inc.*, No. CIV–10–866–C, 2011 WL 3585404 at *1 (W.D. Okla. Aug. 16, 2011) (purpose of OADA is to implement policies embodied in several federal statutes, including Title VII).

To that end, this Court has also recognized that:

---

only results in speculation, guesswork, and a considerable waste of judicial resources.

> Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (emphasis added). Supervisors and managers are not liable for Title VII violations, and liability is imposed only upon an employer. *Id.*; *see also Angove v. Williams–Sonoma, Inc.*, 70 F. App'x 500, 504 n. 1 (10th Cir. 2003) (unpublished opinion).

*Peters v. Black Tie Value Parking Service, Inc.*, No. CIV–12–809–D, 2013 WL 149773, at *2 (W.D. Okla. Jan. 14, 2013). In *Peters*, this Court further noted that "[i]ndividual or supervisory liability is also not available under the OADA[.]" *Id.* (citing *Fulton v. People Lease Corp.*, 2010 OK CIV APP 84, ¶ 18, 241 P.3d 255, 261); *see also Fulton*, *supra* ("We conclude the Legislature did not intend to make individual employees personally liable for discrimination actions brought under the OADA.").

Based on these clear pronouncements of federal and state law, the Court finds Cunningham's discrimination claims against Chase are redundant because they are already pled against her employer, STS. Such claims against Chase, in his individual capacity, cannot be asserted. Accordingly, Chase's Motion to Dismiss is granted, and leave to amend with respect to Cunningham's Title VII and OADA claims against him is denied as futile.

**II. Common Law Assault**

Cunningham contends she has also stated a claim against Chase for common law assault in connection with her discrimination claims.[5] On November 1, 2011, the Oklahoma legislature amended the OADA to provide exclusive remedies for actions asserting employment discrimination, stating "[a] cause of action for *employment-based discrimination* is hereby created and any common law remedies are hereby *abolished*." 25 OKLA. STAT. § 1350(A)(emphasis added). The amendment is not retroactive and applies only to claims accruing after its November 1, 2011 effective date. *Peters*, 2013 WL 149773, at *4. According to the Petition, Plaintiff's claims accrued well after the November 1, 2011 effective date of the OADA amendment. *See* Petition,¶ 6 ("Plaintiff is an adult female who was hired for STS from about February 1, 2014 until her termination on or about April 26, 2014.").

Chase argues that this count should be dismissed because the OADA plainly states it abolishes common law remedies. The Court, however, does not interpret the OADA so broadly. A statute should be given a reasonable construction so as to avoid unreasonable or absurd results. *Smith v. City of Stillwater*, 2014 OK 42, ¶ 30, 328 P.3d 1192, 1203. The remedial purpose of the OADA is to provide exclusive

---

[5]Contrary to Chase's view, the Court does not interpret the Petition as pleading an independent tort claim for "harassment." *See* Def. Reply Br. at 2 [Doc. No. 13].

remedies for individuals alleging *discrimination in employment* on the basis of, *inter alia*, sex. 25 OKLA. STAT. § 1101(A). As noted, claims under the OADA are evaluated using the same standards as claims under Title VII. *Hamilton*, 911 F. Supp. 2d at 1206. Therefore, Title VII decisions are instructive and provide guidance to this Court's analysis.

In *Boyd v. O'Neill*, 273 F. Supp. 2d 92 (D.D.C. 2003), the district court was confronted with the issue presented here. The plaintiff, a trial attorney with the IRS, alleged that her supervisor, among other things, "repeatedly subjected her to unwanted physical contacts of a sexual nature because of her gender, as well as offensive sexually-suggestive and gender-based comments." *Id*. at 94. She claimed the supervisor "backed her up to a wall or filing cabinet and touched her shoulders on three separate occasions." *Id*. In her lawsuit, the plaintiff asserted claims for sexual and gender-based harassment pursuant to Title VII and for intentional infliction of emotional distress and a claim of assault against the supervisor. *Id*.

After the district court denied their initial motion to dismiss, the defendants filed an amended motion to dismiss, or alternatively, for reconsideration, alleging, as Chase does here, that Title VII barred the plaintiff's tort claims

> because that statute is the *exclusive remedy* for claims of discrimination against federal officials in the federal workplace. They argue that the conduct underlying these tort claims is the same as that underlying her

10

harassment and retaliation claims under Title VII. According to the defendants, the two sets of claims are "essentially co-extensive."

*Boyd*, 273 F. Supp. 2d at 95 (emphasis added). The defendants relied on the Supreme Courts' decision in *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), which held Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id*.

The court, however, disagreed and held *Brown* was inapplicable to common law tort claims against a federal employee in his individual capacity, and it "[did] not preclude a federal employee from bringing common law claims of intentional infliction of emotional distress and assault against her supervisor based on conduct that also happens to be discriminatory." *Id*. at 95-96. The district court reasoned that "Title VII exists to redress employment discrimination, while common law tort theories aim to amend personal injuries." *Id*. at 97. It noted that "[a]ssault, for example, is actionable apart from Title VII because it is beyond the meaning of discrimination." *Id*. at 96 (quoting *Brock v. United States*, 64 F.3d 1421, 1424 (9th Cir.1995)). "Such a highly personal violation," the court continued, "does not fall within Title VII's domain, even if arising from the same facts as a claim of discrimination." The court cited *Brock*'s poignant observation that although sexual assault could conceivably be considered a form of "sexual discrimination," a court

"cannot say to its victims that it is nothing more." *Id.* (quoting *Brock*, 64 F.3d at 1423). The court concluded that when the victim of a discriminatory act alleges a harm apart from discrimination, Title VII did not preclude her from suing under a common law tort theory against the individual to remedy that distinct injury. *Boyd*, 273 F. Supp. 2d at 96.

In addition to *Boyd*, courts have permitted common law claims to stand if they seek to remedy injuries of a "highly personal" nature, other than workplace discrimination. *See Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir.1995) (if the type of alleged harm is "highly personal," then Title VII is not the exclusive remedy, regardless of the identity of the defendant); *Wallace v. Henderson*, 138 F. Supp. 2d 980, 986 (S.D. Ohio 2000) (intentional infliction of emotional distress claim was "based on a violation of a distinct and independent right"); *Brunetti v. Rubin*, 999 F.Supp. 1408, 1412 (D. Colo. 1998) (refusing to dismiss intentional infliction of emotional distress claim to the extent plaintiff sought redress for tortious behavior and not gender discrimination); *Jones v. Perry*, 941 F.Supp. 584, 586 (D. Md. 1996) (denying defendant's motion to dismiss; to the extent plaintiff had alleged assault and battery claim separate from workplace discrimination, even though the claims arose from the same series of events, the law did not require preemption by Title VII); *Quillen v. United States Postal Serv.*, 564 F.Supp. 314, 321 (E.D. Mich.1983)

(refusing to dismiss assault and battery claim); *Stewart v. Thomas*, 538 F.Supp. 891, 895–97 (D.D.C.1982) (refusing to dismiss assault and battery claim; plaintiff based her claims on "two distinct and independent rights: her right to be free from discriminatory treatment at her jobsite and her right to be free from bodily or emotional injury caused by another person.").[6]

The Court sees no meaningful distinction between the aforementioned authority and the present case. The OADA exists to redress employment discrimination. On the other hand, common law tort claims address personal injuries. Cunningham's assault claim stems from "a highly personal violation" that goes beyond discrimination. As in *Stewart*, the Court finds Cunningham's Petition is based on two distinct and independent rights: her right to be free from discrimination in the workplace and her right to be free from bodily/emotional injury caused by another person. Accordingly, this Court concludes that her common law assault claim is not preempted by the OADA.

---

[6]Although courts have reached contrary conclusions, "the more persuasive position, in this court's view, is the one espoused by . . . a host of other circuit and district courts, namely, that 'Title VII is not the exclusive remedy for . . . employees who suffer highly personal wrongs by co-employees.' " *Kibbe v. Potter*, 196 F. Supp. 2d 48, 70 (D. Mass. 2002) (internal quotation marks omitted); *Charlot v. Donley*, No. 3:11–579, 2012 WL 3264568, at *5 (D.S.C. Aug. 9, 2012) ("The court finds the views expressed by the Ninth Circuit in *Brock* and its progeny are persuasive. . . . Title VII claims do not preempt common law torts of a highly personal nature, such as defamation, even if both claims arise from the same set of facts.").

13

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss [Doc. No. 12-1] is **GRANTED IN PART AND DENIED IN PART**. Cunningham's sexual harassment/hostile work environment claim against Chase, pursuant to both Title VII and the OADA, is dismissed with prejudice. However, her assault claim shall remain, as discussed herein.

**IT IS SO ORDERED** this 23rd day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE